Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER SANDAVOL<br><br>   Plaintiff,<br><br>v.<br><br><br>CITY OF SAN FRANCISCO, et al.<br><br>   Defendants. | CASE NO. 3:22-cv-02409-RS<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES |

# INTRODUCTION

1. On Monday, May 25, 2020, George Floyd was murdered by an officer of the Minneapolis Police Department. Mr. Floyd's arrest and murder were captured on video by multiple bystanders. The videos showed Mr. Floyd pinned on the street, face down and increasingly unresponsive, and informing officers that he could not breathe. while MPD Officer Derek Chauvin knelt on Mr. Floyd's upper back and neck. Other officers stood by watching Mr. Floyd die without attempting to intervene. All four officers were fired, and Minnesota's Attorney General brought charges of murder against the officers. Further Dereck Chauvin was ultimately convicted of the charges brought against him and sentenced to 22.5 years in prison.

2. Protests all over the United States erupted in response to this brutality and continued as violent police responses to protestors gave rise to new and further demonstrations, which in turn were met with more violence from the police.

3. Protests first occurred in San Francisco on May 30, 2020, and demonstrations continued through the following months. Thousands of citizens protested in the streets in solidarity with the Black Lives Matter movement.

4. However, the San Francisco Police Department unjustifiably declared these lawful protests "unlawful assemblies" to deter further civilian participation in the protests and to set the stage for their illegal use of force. At the direction of the Chief of Police, SFPD shifted almost immediately to the use of violent riot control tactics without regard for the safety and constitutional rights of those assembled. These tactics have included the widespread and indiscriminate use of teargas against nonviolent protestors without audible warning, and the use of less-lethal munitions such as sting ball grenades, pocket grenades, 40 mm projectiles of

various application, and rubber bullets in methods which resulted in unjustifiable risk of serious injury.

5. The use of these tactics continued despite clear reports of protestors having been maimed and suffering serious injuries. At best, this conduct demonstrated indiscriminate firing into crowds of innocent people and using other excessive uses of force; at worst it represented something far more sadistic.

6. SFPD's actions, moreover, were in violation of the department's own policy and procedures and/or caused by the omission of needed policies and procedures.

## PARTIES

7. Plaintiff Hunter Sandoval, was at all times relevant to this complaint, living in the City and County of San Francisco, which is located within the Northern District of California.

8. Defendant City and County of San Francisco is a municipal corporation, duly organized and existing under the laws of the State of California and is the employer of the Chief of Police of the San Francisco Police Department, and the identified and to-be-identified individual officers who carried out the acts and omissions complained of herein.

9. At all material times, the City and County of San Francisco was responsible for supervising, enacting, and enforcing SFPD's conduct, policies, and practices; the absence of needed policies and practices; and for the hiring, retention, supervision, and training of employees and agents of SFPD.

10. At all material times herein, Defendant Michael McEachern was employed by Defendant City and County of San Francisco as a police officer and was acting within the course and scope of that employment, and under color of law. He is being sued in his individual capacity.

11. At all material times herein, Defendant Korte # 4031 was employed by Defendant City and County of San Francisco as a police officer and was acting within the course and scope of that employment, and under color of law. He is being sued in his individual capacity.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 50 inclusive, are unknown to the plaintiffs, who therefore sue said defendants by such fictitious names. Defendants DOES 1 through 50, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiffs are informed and believe and thereupon allege that each of them is responsible for the injuries and damages alleged herein.

13. In doing the acts and/or omissions alleged herein, the defendants, including DOES 1 through 50, acted in concert and/or conspired with each of said other defendants herein.

## II. JURISDICTION AND VENUE

14. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City and County of San Francisco, which is located in this district.

## STATEMENT OF FACTS

16. On 5/31/2020 Plaintiff Hunter Sandoval was skateboarding down Beale St. towards Market St. about one block ahead of the (peaceful) Black Lives Matter march that he had been participating in.

17. As Plaintiff was going down Beale St. He observed about 10 Motorcycle police officers near the intersection of Beale St. and Market St., so Plaintiff non-violently /silently/peacefully stood in front of the motorcycle police that were clearly present to stop the protest at the intersection of Beale St. and Market St.

18. Plaintiff looked at a motorcycle officer, who has now been identified at Defendant Captain McEachern, who was leading the motorcycle police line. Defendant McEachern and the Plaintiff looked at each other for about five seconds. McEachern never raised his hand to waive the Plaintiff out of the way or ordered the Plaintiff to move out of the way.

19. Defendant McEachern then intentionally and maliciously drove his motorcycle directly into the Plaintiff. Defendant McEachern then dismounted his motorcycle and grabbed Plaintiff and body slammed him onto the ground with significant force, then it is believed that McEachern with assistance from Defendant Korte started to punch Plaintiff and pin his head and face onto the ground with his body weight, causing the Plaintiff great pain.

20. The Plaintiff started to scream for help as he was extremely scared and injured. The Plaintiff was subsequently handcuffed and placed in a black SUV by the police officers. Plaintiff was ultimately taken to the police station and was placed in a cell to await court the next day. Around 8-9pm that day, the Plaintiff was told that he was going to be discharged and he was released.

**CAUSES OF ACTION**
**COUNT One: [Fourth Amendment/Excessive Force, 42 U.S.C. 1983] against Defendants McEachern, Korte**

21. Plaintiff incorporates herein by reference the preceding paragraphs 1-20 of this complaint as fully set forth herein.

22. That Plaintiff Hunter Sandoval's Fourth Amendment rights were violated when Defendant McEachern deliberately, unjustifiably, drove his motorcycle straight into the Plaintiff, then dismounted his motorcycle and grabbed Plaintiff and body slammed him onto the ground with significant force, then Defendant with the assistance of Defendant Korte started to punch Plaintiff, pin him into the ground with his body weight, causing the Plaintiff great pain.

23. That Plaintiff had not committed any criminal acts, was unarmed, was not attempting to flee or escape and did not pose any threat of harm to any police officer or anyone else.

**COUNT Two: [Fourth Amendment/False Arrest, 42 U.S.C. 1983] against Defendants McEachern, Korte.**

24. Plaintiff incorporates herein by reference the preceding paragraphs 1-23 of this complaint as fully set forth herein.

25. That Plaintiff Hunter Sandoval's Fourth Amendment rights were violated when Defendants McEachern and Korte, acting of color of law, violated Plaintiff Hunter Sandoval's clearly established rights to be free from unreasonable seizure as guaranteed by the Fourth Amendment, and as outlined herein.

26. Plaintiff Hunter Sandoval's Fourth Amendment rights were violated when he was deliberately, unjustifiably detained and ultimately placed under arrest.

27. That Plaintiff had not committed any crime and the Defendants did not have probable cause that the Plaintiff had committed any crimes.

28. That the Plaintiff was not free to leave.

29. Said Defendants' misconduct caused Plaintiffs to suffer serious injuries and damages, including general, non-economic damages and economic damages to be determined according to proof. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

(**Negligence**)

30. Plaintiff incorporates herein by reference the preceding paragraphs 1-29. of this complaint as fully set forth herein.

31. That Defendant Officers owed Plaintiff a duty of due care not to cause the Plaintiff to suffer excessive force/ battery, false arrest/ false imprisonment, unlawfully detained and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

32. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

33. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

34. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

35. Because Defendants were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco at the time of the incident, San Francisco is liable to the Plaintiff for negligence pursuant to California Government Code § 815.2.

**(Battery)**

36. Plaintiff incorporates herein by reference the preceding paragraphs 1-34 of this complaint as fully set forth herein.

37. That based on above stated facts alleged in this complaint, all named Defendant San Francisco Police Officers, used unreasonable and excessive force on the Plaintiffs.
(i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) other alternative methods were available to effectuate a seizure.

38. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

39. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

40. Defendants as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section

820.8.

41. Because Defendants were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco at the time of the incident, San Francisco is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

(**False Imprisonment**)

42. Plaintiff incorporates herein by reference the preceding paragraphs 1-41 of this complaint as fully set forth herein.

43. That based on the facts alleged above in this complaint, the Defendant Officers, acting under color of law, unlawfully seized Plaintiff and caused him to be falsely imprisoned, by deliberately and intentionally confining him within a bounded area without probable cause that the Plaintiff had committed any crime. (i) Plaintiff had not committed any crime; (ii) Plaintiff was confined by the actions of Defendant Officers; (iii) Defendant Officers intended to cause the Plaintiff's confinement when they caused him to be pinned on the ground and then placed in handcuffs and placed under arrest; (iv) Defendant Officers did not have probable cause to arrest the Plaintiff (v) The Plaintiff was aware of this confinement and was not free to leave.

44. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

45. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

46. Defendants as public employees are not exonerated or immune from liability for false imprisonment for causing the Plaintiffs to suffer harm pursuant to California Government Code

Section 820.8.

47. Because Defendants were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco at the time of the incident, San Francisco is liable to the Plaintiff for false imprisonment pursuant to California Government Code §815.2.

### (BANE ACT VIOLATION)

48. Plaintiff incorporates herein by reference the preceding paragraphs 1-47 of this complaint as fully set forth herein.

49. Defendant Officers interfered with Plaintiff's Fourth Amendment rights to be free from the unlawful use of force on his person.

50. That upon observing Defendants violating his constitutional rights, the Plaintiff reasonably believed that if he exercised his right to be free from these violations that the Defendant Officers would commit violence against him.

51. That Defendant Officers injured the Plaintiff to prevent him from exercising these rights.

52. That Plaintiff was harmed by this conduct and;

53. The Defendants' conduct was a substantial factor in causing his harm.

54. Because Defendants were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco at the time of the incident, San Francisco is liable to the Plaintiffs for a Bane Act Violation pursuant to California Government

Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: November 4, 2022                    _____/s/ STANLEY GOFF_____
                                           STANLEY GOFF
                                           Attorney for Plaintiff