UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER SANDOVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-02409-RS<br><br>**ORDER RE SERVICE ON DEFENDANT MCEACHERN** |

Pursuant to Civil Local Rule 7-1(b), the motion of defendant City and County of San Francisco to dismiss the claims against defendant Michael McEachern for lack of timely service of summons and complaint is suitable for disposition without oral argument. Accordingly, the hearing previously set on shortened time for January 26, 2023, is vacated.

Under Rule 4(m) of the Federal Rules of Civil Procedure, where a defendant has not been served within 90 days of the filing of the complaint, the court ordinarily has discretion either to dismiss the action as to that defendant without prejudice or order that service be made within a specified time. If, however, the plaintiff establishes good cause for the failure to serve, then the court must extend the time for service for an appropriate period.

Here, plaintiff offers no reason as to why McEachern was never served with the original complaint in this action. Although the filing of an amended complaint does not ordinarily re-start the 90-day window for timely service, plaintiff argues the amended complaint was filed within the statute of limitations, and therefore the original complaint can be ignored and service within 90

days of the filing of the amended complaint is sufficient. As long as a plaintiff is not relying on "relation-back" doctrine to avoid the expiration of the statute of limitations, it might very well be possible to treat an amended complaint as the first operative complaint against a previously unserved defendant. Here, however, it appears likely that plaintiff has miscalculated the effect of pandemic-related tolling rules, such that the amended complaint was *not* filed within the statute of limitations.

Nevertheless, as a matter of judicial discretion, the claims against McEachern will not be dismissed, and plaintiff will instead be required to perfect service on him no later than February 3, 2023.[1] Under all the circumstances here, there is no undue prejudice to San Francisco or McEachern in allowing formal service at this juncture, even though the trial date is rapidly approaching. While the record does not reveal how early McEachern may have had actual knowledge of this suit, he provided a declaration in support of San Francisco's summary judgment motion, and it is reasonable to assume he was advised of the existence of the suit from the outset, or within a relatively short time thereafter. Although San Francisco argues McEachern will have lost the opportunity to seek summary judgment in his favor on the punitive damages claim, the same factual issues precluding summary judgment as to whether excessive force was exercised would make any such motion unsuccessful. There simply is no indication that this case would have been litigated in any meaningfully different way had McEachern been served within 90 days of the original filing.

Dismissing McEachern at this point would be an unreasonable and unfair "gotcha." While plaintiff's failure to tend to the important procedural step of ensuring service was complete on all defendants cannot be condoned, it is significant that the original Case Management Conference

---

[1] Plaintiff asserts McEachern was in fact served on January 11, 2023. San Francisco's reply brief contends that service was legally insufficient. Because the propriety of that service is not the subject of the pending motion, it will not be decided in this order. Unless plaintiff contends the service was adequate notwithstanding San Francisco's arguments to the contrary, he should re-serve McEachern.

1   Statement, filed in November of 2021, presented under the caption of the city attorney's office and
2   signed by that office, expressly states: "All parties have been served or have appeared in the case,
3   with the exception of Doe defendants." Dkt. No. 19. A subsequent Case Management Conference
4   Statement, filed in June of 2022, reported "no changes" to the prior statement, except as to certain
5   other topics. Dkt. No. 39. Even though plaintiff presumably knew that was factually incorrect (as
6   did San Francisco), it weighs against permitting San Francisco to use the service issue to narrow
7   the scope of the case on the eve of trial.

**IT IS SO ORDERED**.

Dated: January 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge